Case No. 16-5279 Linnea, Inc. vs. United States Department of Energy et al. Mr. Vecchione for the appellant, Mr. Waldman for the affiliate. Good morning, Your Honors. John Vecchione of the Cause of Action Institute for the plaintiff's appellate, Linnea, Inc. Looking at counsel's table, Josh Schauff and James Fowler, we have before us two orders on appeal. The first, a January order on voluntary remand back to the agency to do an impossible task. And that impossible task was to review a decision on a solicitation that was then closed. Can I pause for a second on this? Is it clear that it's impossible? I didn't realize that the judge actually held that it was impossible. The judge had not. So when you say impossible, you mean that the government says it's impossible, not that you agree that it's impossible. I believe since the solicitation was closed, the... Was there a position that the court can't order the solicitation to be reopened because of bad faith in its original determination? It could do that, Your Honor. I believe it might be able to do that, although it's a complicated situation. My answer should be it might be able to do that, but it would take such an enormous step back. It's almost like the statement, you can't step in the same river twice. Well, I'm confused. If you were to prevail before us and go back to the district court and prevail there, what do you get? I thought what you got was going back to the Department of Energy. We get three things. First, the court would hold on lawful and set aside the original determination. Right. That is of enormous value to my client, both in the marketplace and... And you don't pay the fee. That's the second one. And you don't pay the fee. What happens in front of the Department of Energy then? What's the proceeding look like? The proceeding for the... Well, number one, that's our main gain on that. But the second thing is we can apply without a fee. Your Honor has put the finger on that. We could also... The conceptual problem here is that let's say we had no court orders. Let's say we had no court determinations at all. We could always go back and whatever solicitations are open now, apply for them. We're not prohibited. We wouldn't know what would happen. We wouldn't have any protections. But we could be like any other applicant and go back. I'm still... I am a little confused. You don't want a loan anymore or you do? We do, Your Honor. Okay. So it isn't just that you want the determination held unlawful or is your position that you want a loan with a new application? The position is for the LGP, I think we need the original decision. For my client's interest, we need it held unlawful and set aside. And then we need a new loan application without the fee. And tell me again why... What makes you think that because the government closed the original program, why you can't get back into the original program? Is there a statutory line item, this amount for this program, this amount for this program? Because they're clearly still having loans, at least according to the papers in front of us. Yes, Your Honor. According to the government, it's closed. So you can't reapply under that group. And we would waive... The problem here in this is that we would also waive that administrative record is our fear. Our fear is that we would... We have the original administrative record, which we've never seen, all right, with whoever the original decision makers were. And however that was done, nobody knows that. The motion to dismiss under allegations, it survived and went forward. But we don't actually have the administrative record. So we would... If the remand went through and we applied anew, first of all, we'd have to pay the extra fees, even to get through the gate. But we would have to be waiving the original injury. The original administrative record would then be killed. I understand what your argument about why you don't like what you got. I get that. I'm having trouble still figuring out what you want. So I can see within the realm of the court's authority vacating the determination. That would put you back into the old fee program with your claim of a waiver, which would have to be adjudicated whether this happened or not. Correct. But if you don't think that's possible, then it seems like the only thing that might be available is determination that the previous one was bad. But it's not clear to me that from that goes a waiver with respect to some future application, a waiver of the fees. Well, you would have the waiver. If we're correct and the fee was waived, if we get remanded after... It wasn't waived for everything. It was waived for that program, right? I mean, your representation is you applied under a particular program and you got a fee waiver. Yes. I can see an argument. I don't know whether it has merit, but it certainly isn't frivolous that denying you a loan under that program was wrong and you should be back in the position where you were, which was without a waiver. But I'm not exactly seeing an argument which entitles you to a waiver for some future application that you haven't made. Well, that is the crux of this, Your Honor, because I believe the remedy is that we're remanded with a waiver of fee and if our old... I mean, the remedy is to put us as best in the position we were back then, and that requires a fee waiver and then to look at the application in an unbiased manner. The old application. The old application. Not a new application, right? The new application would have to take account of all sorts of changes that have happened since then. Yes, Your Honor. Isn't that what the district court ordered? I thought your argument was that you... And I may be wrong, so correct me. That the relief that you should have obtained from the district court was that a remand would be going back and taking the original application and, as best possible, reconstructing that process. Is that right? Well, my client also proposed, and we have proposed, no fee, new application, and an unbiased review of that application. That sounds like a proposed settlement. That doesn't sound like something that you're...  But because of the problem... The problem here is it is unlike many other cases that are cited in the briefs, like the Hawaiian Lines case where the ship had been redone partly in Finland and partly in the United States. They didn't remand it to have more work done on the ship. That's not what happened. And so we think that what should be done is there should be a fact-finding about whether there was bias. If there was, and there was a fee waiver, then you should get two things. You should get a remand to apply without the bias and without the fee. And with the old application or with the new one? There's lots of papers about wanting the old application, but this is what I'm a little confused about, which is if you're looking for a new application, which would ordinarily require putting up to date your information, and imagine hypothetically, which I know you don't think is true, something terrible has happened in the company and it is no longer really fit for this application. We couldn't not allow the government to have that piece of information, could we, in a new application. I can understand your argument it could be in an old application. So your hypothetical is that the company seeking the loan is no longer able to do? Yeah. Your Honor, I think that it is reasonable to provide that type of information, but the two things that really jump out at me are the fee and the non-bias. And if it is whatever it's called, the solicitation, if it is under the same sort of loan and the same sort of benefits as the original application, it seems to me my client would be made whole, whether you call it new or old. When you say non-biased, is there anything more to this than a direction from the court that the new consideration has to be non-biased? I appreciate you might want more. Would you be entitled to anything more than that? Yes, Your Honor. The cases, particularly in our reply brief, for instance, the immigration decision that was made in one of the cases, they said that that judge, the person who made that adjudication, couldn't be involved in the second adjudication. No, I understand that. And the government's position, whether it's accurate as a matter of fact or not, is that there isn't such a person being involved in the new one. So if the district court said, couldn't have the same decision makers, and the government says, and we won't because you ordered us not to, that would be sufficient. Is that right? Yes, Your Honor. I see. Okay, let me ask one more question about your reputational injury. Is the idea here that you were denied, it was said that you were denied on the merits because I think your battery wasn't able to do this kind of thing, and that you regard as a reputational injury because your battery actually could do this kind of thing? Yes, Your Honor. Is there anything more to that? It's just in comparison to whoever else applied, we look worse to the ones the government granted. I see. And that's it. So it's both that you're not worse than the others. And it can do what we said it could do. Thank you, Your Honor. I reserve the balance of my time. I didn't mean to cut off the other. Okay. Mr. Walton. May it please the Court. My name is Joshua Walton. I'm here from the Department of Justice representing the affiliate Department of Energy. This Court should dismiss the appeal for lack of appellate jurisdiction because the plaintiff has not timely appealed from any final decision of the District Court. The District Court's order dismissing in part was not a final decision, nor was the District Court's remand order a final decision, nor was its denial of reconsideration of the remand order a final decision. Can we pause over the latter? Okay. I was very pleased to find a quote from Judge Friendly in your brief, but I don't see how it helps you. The quotation says, Appealability turns on what has been ordered, not on how it has been described. The District Court described the second order, the July 2016 order, as a denial of a motion to reconsider. That is, the Court characterized the motion as a request for reconsideration and then characterized the order as a denial. But the District Court was very clear in the Court's view that this is a final appealable order. It doesn't govern us, but it gives us some idea of what the Court was thinking. And this doesn't sound like a remand at all. Your brief is filled with what I believe is the appropriate explanation of what a remand is. And so is the Court's original decision. A remand is a chance for the agency to reconsider its decision. Right? Right. But you're not willing to reconsider the original decision. Is that right? Well, I think the way I would put it is, and I think it's important to also distinguish between the two different types of applications that we're talking about in the two different programs because they operate in different ways in ways that are relevant to the questions that you're asking. The first is the ATVM program. And there's been a lot of talk about fees, and I'd just like to emphasize that there's no dispute in this case that the ATVM program, that's the Advanced Technology Vehicle Manufacturing program, has no fee. So all the questions... And is that program still open? Yes. It's not even subject to solicitations in the way that the LG program is. So it's almost like a rolling program. You apply, your application is considered, and it's either granted or denied. If it's denied, you can apply again. So in a sense, there's no question in terms of the LG program, their solicitations. In the ATVM program, if they want to have their old February 2009 application considered, in the sense of we don't feel like updating our technology, I don't know why they would do that for a program where cutting-edge technology is the entire point of the program. But if they wanted to stand on that technology, the department would consider it. So would it reconsider? I think there may be some... That was the question that Chief Judge Garland asked, and I didn't get a yes or no out of that from your answer. Is the agency willing to reconsider its original decision? The answer is yes, with respect to ATVM. I think there may be some slight paperwork requirements. They might have to sort of say, this is our application in 2017, here's all the information, but essentially copy over the same information if they wanted to do that. No, I would have to do that. If in a normal remand, the party isn't required to refile its petition before an agency, if the agency just goes ahead and reconsiders what it did before, why an additional condition? Well, I think it just might be a matter of administrative, how they process it, because as far as the agency is concerned, there's been an application and it's been denied. So if they wanted to be provided... You volunteered to have a remand. Yes. And you represent the agency. Yes. I don't mean you personally did it, but the government volunteered for a remand. That means the agency has to be willing to do a remand. Yes, the agency is absolutely willing to reconsider the application. And what we said is you have an opportunity to update it with information. Yeah. But that's just an opportunity. Well, they told you they didn't want that opportunity. So why didn't you go ahead and do that for the ATVF? Because we told them we would consider it after a substantially complete application was submitted. And instead, we got a letter back with five demands, which is in the joint appendix, saying we're not going to cooperate until you meet these five preconditions. And this was when we went back to the district court jointly, and we filed the status report, and we said this is the plaintiff's position, this is our position. We think they should just either say they're going to go forward with a non-updated application or not. Okay. What about the LG? Okay. So the LG program runs in solicitations. So solicitations open and then they close. The one that was open in 2009, when the original LG program application was submitted, is now closed. By statute? No. Well, the statute speaks about solicitations, but it doesn't set open and close the agency. So is there anything that would bar the agency from doing what would be normally done on a remand, which is to reconsider the previous decision? Well, to be honest, I haven't fully considered what would happen if, say, at court we're entertaining ordering the agency to reopen the old solicitation. Let's run it a little bit more on the other side, which is you ask for a voluntary remand. A remand is a reconsideration of an original decision. If you're not offering that, then that's not a request for a voluntary remand. That's a request for something different. Well, what we could do is, in the new solicitation, if they wanted to submit the same information instead of calling it an application for solicitation X, it's now we're just porting it over to solicitation Y, but it's the same technology and it's the same, essentially, the sense that the application is the same, unless they want to update it, which we're willing to entertain. And the solicitation asks that the technology they're offering would be covered under both solicitations. So it's really just a matter of what the number and name of the solicitation is. So even if you weren't willing to do this voluntarily, there's nothing that would bar the court from ordering the remand to be a reconsideration rather than a new application, except for the fees question, which we'll get to in a minute. I'll get to the fees question in a minute. I don't see anything in the statute that would bar that. That was not the request made, as I understood it. The request that was made is that the district court was powerless to order a remand, and that was sort of what the debate was before the district court. I don't know whether there would be any kind of retroactivity problem with reopening a solicitation that was closed by the agency before, but obviously if the court ordered the agency to do that, the agency would comply. But let me address the fee issue, if I could. The first is, assuming we get to the fee issue where we've overcome all the hurdles of appellate jurisdiction. This is part of the question of appellate jurisdiction, because if what the district court has effectively done here is dismiss their complaint, which frankly is the way I read this, then that's a final order, and under Swarovski that brings up the previous order also for review. So you have to persuade us that this is not a dismissal. And my question is, with respect to the fee, could a court say, I am remanding this conditioned on you paying a fee. Would that be a remand, or would that be something quite different? That is, you can have a reconsideration of the decision here, but only if you pay a fee. I don't know. In that case, I don't know how the district court could have done that in this case, because it wasn't even clear what the dispute about the fee was, and there would be questions of fact and questions of law. I agree with that, and those are matters that the court didn't determine. So for purposes of this discussion, let's assume that what was said in the complaint was correct, that there had been a fee waiver. Now, you're offering a voluntary remand, but only if you pay a fee. That strikes me as not offering a voluntary remand. Well, there are a couple things about that. Number one, if the only thing that we had offered was a voluntary remand, a remand where we could resolve the dispute issue on the fee before the agency and have a remand of the ATVM program for which there is no fee, that would have been entirely within the district court's right to do. And what the district court said at the hearing on the remand is, well, first of all, the fee issue has nothing to do with ATVM. So at minimum, I can cleave that away and remand on that. And on the fee issue, if you want to go back and just stand your ground and say, I'm entitled to pay no fee and I refuse again,  if you want to create an impasse on that issue now, that's within your rights. Why isn't there an impasse on the issue before the remand? You're not offering to waive the fee. In fact, your brief says it's impossible to waive the fee. Well, no, we didn't say that it was impossible to waive the fee. We said that if we had waived the fee, we would have had to have done it in writing and not orally. Okay, so your position is there was no waiver of the fee and they have to pay a fee. Their position is there was a waiver of the fee and they don't have to pay a fee. You can't remand for that because you're not willing to reconsider the fee issue. Well, one of the things that we could do is actually figure out what's going on with the fee issue. And I think it's a little bit unclear, Your Honor. And they said right now, and they suggest as much in their brief, that sometimes it's about paying no fee at all. In their status report, the one that the district court construed as a Rule 59e motion, they said what they were asking for is being subject to the original fee requirement. And in their complaint they said it wasn't that we didn't want to pay the fee. It's that we weren't given the wiring instructions. We were perfectly happy to pay that fee. And in their papers in the district court, they give three different numbers for what that original fee would be. So at a minimum, a remand would allow the parties in the remand proceedings to crystallize exactly what we're talking about. And that alone is proper for a remand. I don't know about that. But I would just take the hypothetical. Their view is, as expressed in their complaint, that the Secretary of Energy waived the fee. Now, if that is the case, could you condition your offer for a voluntary remand on paying a fee? That doesn't sound like any case I've ever heard of with respect to a voluntary remand. And that doesn't sound very voluntary to me. Well, what we said is if you want to come back and have us reconsider the program, you have to abide by the rules of the program. Which means you have to pay a fee. That's right. But as the district court said, if they want to either stand their ground and say, no, no, no, we're not doing that, or they want to pay and they want to seek judicial review of all their complaints, including their complaints about the fee issue, none of those things are waived. They preserve all those issues and you can get that procedure proceeded. Isn't that what they said in their status report? That the agency is taking the position it will not reconsider its initial decisions. That's what they want, a reconsideration of the initial decision. And you've said you won't do that. So now we have a final status on this. No, I don't think we said that we wouldn't do it. Certainly with respect to ATVM, there's no dispute about that. There's no fee issue, there's no solicitation issue. I got that and I will be happy to ask the other side about that one. So let's focus on the fee. We are willing to reconsider their old application. It would be considered under the new solicitation, but they wouldn't have to update it if they don't want to. So they're willing to reconsider it without a fee. Well, they can certainly go back once before the agency and request a fee waiver. That's a no. That's a no. Well, I can't answer that. Okay, so now, assuming that they would have to pay a fee for this voluntary remand, does that sound like a voluntary remand? Well, the only difference is that after they pay that fee, if they think that that was unlawful, they can bring that up along with any other issue on remand that they're unhappy with the result. Imagine if an agency comes to this court and says, our rule has been challenged. We would like to reconsider the rule. But I'm sorry, you have to pay a fee in order to get that reconsideration. I don't think there's any chance in the world that this court would remand because that doesn't sound like a voluntary remand. Well, the difference is you don't normally have to pay a fee to an agency for them to issue a rule. But this is an application for a loan program. But their position is that it was waived, and that seems like something the district court has to determine before. Now, maybe it wasn't waived. Maybe you're right that it wasn't waived as a question of fact, although I take it you're not even representing that, are you? Are you representing that the Secretary of Energy did not waive it? I believe in our answer we deny that he waived it. Deny that he was able to waive it or deny that he actually waived it? I believe both. Okay, so in that case, we have a fact dispute, material fact dispute. It seems like it has to be resolved. I mean, at some point it would have to be resolved. The question is whether the district court was obligated to resolve it now before it remands to the agency. And I think it's entirely reasonable for the court not to have done that. Why is it reasonable for the court to do it that way? Well, at the very least, it could narrow this case and speed up its resolution by remanding on the ATVM program. I understand. We're on the LG, though. On the LG, why is that, in your word, reasonable to do that rather than resolving the dispute about the fee before remand? Well, I think there's a couple reasons. One is because when the court was entertaining remand, the government said four times in its remand motion that it would have to pay the fee, and the plaintiff did nothing to complain about that. Well, the judge made clear in the hearing that the judge did not understand that at the time. The judge said several times that the judge had not focused on that point and that, as a consequence, that first order didn't cover that. Right. Well, for one thing, the judge actually did bring it up in the original remand hearing. She may not have recalled it on the second, but if you look at Joint Appendix page 242, she clearly brought it up and asked the plaintiff whether that was part of what he was opposing remand about, and they just sort of blew by it. Well, in any event, the judge's characterization of the judge's own order suggests that the first order did not contemplate a fee. Right. And what she says at the second hearing on what she considered as a reconsideration motion is, look, if you're unhappy with the fee, you can either just refuse to pay it and then we'll all be back, and that's okay. But they have refused to pay it, so I don't understand. We know that they won't pay it. We know that you're demanding that they pay it. It doesn't sound like a ground for a remand. It's not clear, at least it wasn't clear to the judge, I don't think, at the time, that they were saying no fee. If you look at their position in their second status report, this is at page 325 of the joint appendix, the plaintiff says, and I'm quoting, they chose to file suit in order to obtain a judgment and reconsideration of its original application subject to the original fee requirements. Which I read as meaning, which included the waiver that they say they got. I read that as saying they want to pay the original fee, and the reason I read it that way is because in their complaint as well, they say, this is at page 4, I don't have the page in front of me right now, but in their complaint they say, after our application was rejected for not paying the fee, we said, okay, we'll pay the fee, send us the wiring instructions, and they never got the wiring instructions, and then their application was filled. So they indicate in their complaint that they were perfectly happy to pay that fee, they just wanted the wiring instructions. And then in their status report, they wanted to be subject to the original fee requirements. So they don't say they want to be subject to a The status report on the page before you just cited, I'm sorry. On the page before says, Chu further promised to waive the application fee. Yes, that is the, are you talking about the complaint? No, I'm talking about the status report that you were citing. On the page before they say, Chu promised to waive the application fee. Why would he be perfectly happy to pay a $125,000 fee if it had been waived? It seems very unlikely reading. Because I think they might think that they know that they're not going to win the waiver issue. If they had wanted to be remanded subject to a judicial order that there was a waiver, I think they would have said they want a reconsideration subject to the waiver that we were promised, not subject to the fee. In any event, I think all this would be cleared up in a clean administrative record if there were a remand. I just said that it would be cleared up whether or not there was a waiver or whether or not you will give a waiver. What they're exactly asking for, whether their theory is we're entitled to a waiver on some sort of contract theory or whatever the theory is, or whether we're entitled, whether we agree that we have to pay the fee, but we only want to pay the 2009 fee versus the 2017 fee. And in their complaint, they have one price. If it's the latter, that they want to pay the original fee, but they're willing to pay a fee. In their complaint, they say it's $18,000. In their June status report, they said it was $31,250. And at the hearing, they said it was $25,000. So we could all at least come to an agreement if they said we're willing to pay the original fee from 2009, come to an agreement on exactly what that amount was. And the district court had even a fourth number. So we could at least get resolution on that issue as well. We don't normally remand the agency for factual determinations. If things are messy, that's what the district court's for. No, but sometimes we do it in order to get a clean record so we know what we're talking about before the district court. I read the government's brief, at least at page 3, saying the application must include a required fee. I think somewhere else you said it was statutorily required. Is that right? Is the government's position that there must be a fee, or is the government's – is that not the government's position? Yeah, it is. There is a fee, but I believe it comes from the – I think the statute authorizes the fee, and then the fee is set by the agency by rule. And is your position – that's what you cite, the regulations. Is your position that there must be a fee? No, I think that it's perfectly within the Secretary's, I think, authority to waive a fee if the Secretary wants to in writing. And why does that have to be in writing? Because by a separate regulation, there can be no modifications of the agreement or the rules except in writing. So I was looking at a section, set 609.16 of the CFR called deviations. Yes. To the extent that the requirements under this part are not specified by the Act or other applicable statutes, DOE may authorize deviations from the requirements of this part upon a determination by the Secretary in his discretion to undertake a deviation. Well, to be honest, I don't recall that specific regulation. But we do cite it in our brief, the regulation about requiring changes in – A fee? No, I'm talking about changes in writing. So, for example, if the regulation requires a fee and the Secretary wants to waive that, the Secretary could not make that commitment orally. He or she would have to do it in writing. So your position is there was no waiver? That is our position, yes. So there would have to be a new determination of a waiver. But there could be. Is that your position? Yes. On remand, they could certainly say, we think that you should waive the fee, or we think that you should apply only the 2009 fee. And the agency could make that decision on remand. I obviously can't commit to what the agency would say, but it's certainly open for them to do that. And I think that was the district court's point, is if you want to take that position on remand, whatever it is, if there's an impasse and you're unhappy, all the issues that you're unhappy with, not just the fee issue, but the merits question, can come back after whatever resolution is reached. And you can get judicial review, just like you want it now, of the same question. You can get it after remand. And that's exactly why the remand orders are not appealable, because all the issues, including the fee issue, all of them, if they're unhappy with any of those, the resolution of any of those issues, they can bring it back before a court. They want to do it now, but our point is they could do it later, too. There's nothing that's going to prevent them from doing it. And that is exactly why the issue is not appealable. And, Your Honor, you called it, I think, a dismissal order before. I'd like to get back to that. There's certainly nothing in here dismissing the action itself. The question is whether it's effectively a dismissal by ordering a remand that's not accurately described as a voluntary remand. Well, whether the court retained jurisdiction or not, or even if it didn't. The court didn't retain jurisdiction. No, it did. At first it did, and then it didn't. And in American Hawaii Cruises, this court held that it doesn't matter whether a district court retains jurisdiction for purposes of whether the remand order is appealable. And I think the fact that the district court wrote it is a final appealable order is not dispositive in this case. A district court can't put that on anything. True, but we've said that it gives us an idea in Surowski that can bolster the judgment that this is an appealable order. It does not determine the tip of our position, but it gives an idea of how the district court regards what it did. I think that's right, but in Surowski I think you were dealing with a question of whether the order was intended to dismiss the action versus dismiss the complaint. But there was no question if it meant to dismiss the action that it was immediately appealable. But if you take something like a remand order, which generally is not an appealable order, and write it to final appealable order, it's no more appealable than if you put that sentence at the end of an order on a discovery motion or something that was equally clearly not an appealable order. I see I'm way over my time. I'm happy to answer any further questions that you have. I have one more question. Sure. Do you think the district court is without power to be? Imagine that all their facts are correct, that the original determination that they were rejected on the merits is not true, and that the original determination that their battery doesn't do what they think it does is not true. Is the district court without authority to vacate that determination under the APA? Is it without authority to vacate the original decision? Yeah. No. I don't know why it would lack that authority. Right. So. I sense a follow-up question. Yeah. Well, I'm a little confused about the back and forth in the various hearings. So I think the idea was too late, nothing that can be done, and the government's position, I thought, was that the most that could happen is that that case could go back for reconsideration untainted. That's what I took the government's position to be. And what they're saying is, well, there's another thing that could be done, which is the original determination could be vacated, and that they say it causes them reputational injury, and that they would have a benefit from having the original decision vacated. Oh, no. I see where you're going now. Yes, clearly the district court could. The question is, does it have to do it now, or could it do it later? And our position has been, with respect to the fees, the merits, vacature, all those things, none of them are waived by virtue of the remand. And if they go back, and whatever decision the agency makes, they're unhappy with, if they're still unhappy with it, they could go back, and they could say, our loan was still denied, and we want it. We're unhappy with the fee, and we want the original decision vacated. And all those issues could come up again, which is why it's not an appealable final. I thought the government was representing, again, not yourself, to the district court, that the only thing that could happen, even if the plaintiffs won the argument, at least in part, is, well, there's actually at least one more thing we want, which is a vacation of the determination. Right. I don't recall the specific part of the district court's papers, but I will say this. If that's what was said, I think that was a slight overstatement. Okay.    If you have a vacation of the determination, you have a vacation of the determination. What, in substance, is going to happen is it's going to, even if you win, is it's going to be sent back. I don't think they meant to say that the old decision wouldn't be vacated. But since you want, reconsideration is the main thing going to the substance, because ultimately what we're talking about here is they want their loan, and they need reconsideration in order to do that. So ultimately, it's going to go back to the agency, even if they win on the merits on the first go-around. I think that was the point. Not to say that the district court was without power to vacate the original decision. I mean, that's clear in the APA, that it has authority to do that. And what do you think, again, so I'm clear, we should say on the fees? Well, what I think you should say is that there's no appellate jurisdiction. But assuming you get over that, I'm not exactly sure what all the questions are. But that's tied up with what we say on the fees. Let me say a couple of things that you could say, all of which I think we would be happy with. One is that there's no appellate jurisdiction. Two is that it was all. I mean, there'd be no appellate jurisdiction because everything is being reconsidered. Yes, including the fees. And ultimately, I think the bottom line is no matter if they're unhappy with the resolution of the fee issue, whatever that is, whether it's an impasse or a dispute about the amount or which year's fees, whatever it is, if they're unhappy with it, they can get whatever judicial remedy they can get for that that they want now. They can get it after the remand as well. I understand. I mean, I think it's a show game, I think, that you're really not going to reconsider the fees. Well, I mean, they say that we're not going to reconsider the merits either. But clearly, that's not anything that anyone has any question about whether that's proper to remand. So we offer a voluntary that you made of a remand. Did it include reconsidering the fees? My understanding of when I read the hearing transcript is the government's position is you have to pay the fees. Sorry. The court granted a voluntary remand on the theory that there would be a remand. Now, was it now you're representing that the remand would include a reconsideration of the fees? I'm asking whether the government originally represented that. No, but I think I want to be clear about the second part, which is I'm not representing anything like you just said. What I'm representing is if they want to ask for a waiver on remand, they're entitled to do so. And then the agency would decide. Doesn't that affect our jurisdiction? The point, because if you're saying that there's an issue that's not going to be reconsidered in the fees, then you haven't done a voluntary. As Chief Judge Garland has said, it doesn't look like a voluntary remand to reconsider everything. Well, we're certainly reconsidering, at the minimum, the ATVM, for which there's no fee. But it has to be reconsideration, I think, of everything that they're complaining about in order for it to be a true voluntary remand. I think that's the trick in this case, and that's why the fees question seems to be one of the keys, because if you're not willing to reconsider the fees, then it seems like we have jurisdiction and it's not a voluntary remand in the ordinary sense. Well, I do think that, first of all, I don't know what the answer would be if on remand they ask for some sort of fee waiver. Second, I think we would clarify exactly what their position is, because it's been a number of positions in terms of whether they think they're entitled to no fee or whether they agree that there's a fee, but it's only for 2009. And then we would get some resolution, perhaps, with them on what they thought the amount was, because they've given three different numbers. Is it possible that we have appellate jurisdiction, but the proper disposition in the end is a remand to the agency nonetheless? I'm sorry, could you repeat that question? That we have appellate jurisdiction, because there was a final order, but that in the end, the proper disposition, although it may not be a voluntary remand, is a remand to the agency, including for reconsideration of the fees question. I mean, I think from the agency's point of view, whether it's called a voluntary remand or just a remand, doesn't make that much of a difference. I think it does make a difference for the law of appellate jurisdiction. Exactly. And I would say that I think that because whatever resolution were reached or if no resolution were reached on remand with respect to the fee issue, all that issue would be back before the court after the ATVM issue was resolved. And because all of the issues about fees are open to the plaintiff following remand, that's precisely why no core issue, including the issue on the fee, was actually resolved, nor would plaintiff be prohibited from raising those issues in future proceedings. And because of all those reasons, none of the exceptions to the voluntary to remand orders being unappealable would apply. It wouldn't be a collateral order because the issue remains open after the remand. And because all those issues remain open, it's just not an appealable order. So I don't know how we get to the point that even the discrete fee issue becomes appealable if it remains open to the plaintiffs to argue about the fee question after the remand proceedings. So it would have to be something final, and there's no finality about the fee issue, no matter what happens on remand with the fee. Imagine we were to hold that with respect to the LG issue, that a remand, this is not a remand, called a remand but it's not a remand, but that you're right with respect to the other issue. What about that question of whether the court's order is final disposition in light of having resolved some but not all of the issues in the case? Well, that's a great question. I think that would actually underscore the non-finality. Because you would analogize it, I think, to a question where a party brought two claims in their complaint and the district court reached the final resolution as to one and not as to the other. And under Rule 58, there's nothing final there. So even if you thought the court did something final with respect to the fees, which I don't think that it did, but if you did that, you would also say, and everyone seems to agree with this, that nothing final was done with respect to fees for ATVM because there are no fees. And so if the court, for example, had said, I'm going to remand one of these issues back to the agency but not the other, I'm going to hold on to it and wait, I think the answer would be that remand order is not appealable, both because it's a remand order and because part of the case is unresolved. So I think that's another fine analogy. I'm happy to answer more questions. I've got one more. In the time available, we've now been able to look at the government's offer for the remand. Okay. It says remand will provide the petitioner with another chance to perfect this application as well as pay the LG program filing fee, as Linnea has indicated is willing to do. Linnea, of course, doesn't think it's willing to do that. So this wasn't an offer to do it without a fee. No, I mean, no. But, again, what I'm saying is we didn't offer to do it with no fee because we don't think we waived anything, but all I'm saying here now is we're not offering to waive anything here right now, but what we are saying is it's open to the plaintiff on remand to go back and say, for all these reasons, we think it's compelling that you waive the fee. But we certainly raised it. I agree with you. There's four times in our motion for remand that we've said that they're going to have to pay the fee. And the reason why we said at the end of the sentence, as they've indicated that they're happy to do, is because their own complaint, this is a joint appendix, page 26, says, well, after they allege that we've reneged on a waiver, and then afterwards they said, well, we're happy to pay the fee, just send us the wiring instructions, and we never got it. That's obviously not a verbatim quote, but that's the gist of it on page 26. So we understood them to say we're willing to pay a fee, but maybe they want to pay the 2009 fee instead of the 2017 fee. But we were very, very clear about it. We said it four times. And the district court, as I said before, brought it up, albeit briefly, at joint appendix 242 at the remand hearing. And it's the obligation of the other side. If they think that the fee issue is the main hurdle here, then it's their obligation on the motion to bring that up and make sure that what they did instead is essentially overlook the four times we said they'd have to pay the fee, go back on remand, and after we declined to adopt the five preconditions that they set for the remand, months later they went back to the district court and picked up this fee issue. Okay. I think we have the argument. Okay. Sorry, Your Honor. That's all right. Thank you. Can you address the ATVN issue first? Yes. The ATVN issue is it's true you don't have to pay a fee on that particular application. We did them jointly each time. They were singular in my client's mind. We applied for them jointly. But we still have the problem of we don't have a remand order that says the folks doing this decision won't be the people who did the decision before. And we don't have a vacation of the original order. So on ATVN, those are our two complaints on that particular loan program. Do you have a representation from the government that they won't be the same people, right? No, Your Honor. I don't think it's that clear. What happened at listening to opposing counsel and listening to me, it's pretty clear that both sides were unclear as to what the remand order required. And I think the government thought one thing. We think another thing. That's part of the reason we're here. We asked specifically after the remand, we asked specifically, will you waive fee? And they said no. It's in our letter. It's in the appendix at 283, paragraph 2. So I don't think there's any question. We thought the fee was waived, and we wanted it waived below. And when it was remanded, that's the first thing we asked for. On the ATVN program, yes, you can. We could apply for that outside this courtroom without any order. Whatever is open right now, my client could go do it. There is some fear, I think, on our side about waiver if we were to do it outside. I believe there's some concern about that because we do have a court proceeding. But to be candid with the court, our problem there is we think the remand order, if it was going to be a remand order, would have it say, no bias, move these people. So that is our sole complaint on that side. But the government represented that those people are gone. I appreciate you think they're not, but the government represented that they were gone. Or you don't know whether they're gone. And the government didn't know all the people involved was the real problem. And the district court on that representation sent it back. So if you don't get the result you want, then you can raise that issue back again on the remand. Why isn't that an appropriate remand? How am I going to know who was involved in the first one? Well, that's a question of whether you're entitled to discovery or not, I guess. Is that what you're asking? What if you win? Then you won't have a problem with it. So the district court is avoiding having to go through the whole discovery matter until you get to that stage. Take everything else out of the case and imagine all you were asking for was on the ATVN. And the government represents those people are gone. And the court says, all right, we're going to just remand on that representation because that's clearly what the government's doing, what the court's doing. And there's no fee. Would that have been all right? Your Honor, I don't think it would have for this reason. It isn't as if they're reconsidering. They're asking us to do something anew. I haven't seen any of these cases where the remand makes the plaintiff do something anew. It's really to allow the agency to review something. Not something anew as making a new application. Yes. That's your understanding. Correct. Imagine that they didn't require that. Just so I get the different pieces separate in my head. They didn't require that. But the vacation issue still hasn't been decided. Would it not be appropriate for the court to try to resolve part of the case by remanding? That is, when you get the loan. And then thereafter, after that's all done, assume you got the loan, would you still be able to go back and ask for the vacation of the original order then? For ATVN, could we ask for the vacation of that original order that denied it? The determination that you were without merit. I am concerned. Let's say we won. Yeah. I am concerned that we wouldn't be able to do that because the government would say it's moot. Look, you've got it now. That vacation doesn't do anything. You either have a reputational injury or you don't. Correct. Your argument is that that's never moot, so you've had the same argument before. Yes, Your Honor, under that hypothetical. Yes. And this discussion with respect to the other, with the LG, about your willing to wire the money later. Oh, Your Honor, that was my client. That is to show political bias in the complaint, all right, that it was denied even after this. We believed it was waived. We were told it was waived. We acted at all times as if it was waived. When we submitted this, according to the complaint, they then said, oh, you need to do this. And obviously there's panic in what's going on, and we said we'd send a wire, and they never sent the instructions. But that doesn't mean that we're not relying on that representation. And as you see, as I do refer Your Honors to Appendix 283, Paragraph 2, which is exactly what we did after the remand. Further questions? Thank you very much. All right, we'll take the matter under submission, and we'll hear the next case.
judges: Garland, Griffith, Kavanaugh